IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| REY DAVID VARGAS, INMATE NO. 426859, Plaintiff, | : : : : | CIVIL RIGHTS COMPLAINT 42 U.S.C. § 1983 |
| | : : | CIVIL ACTION NO. |
| v. | : : | 1:07-CV-1928-TWT |
| DEPARTMENT OF CORRECTIONS FOR THE STATE OF GEORGIA and RISK MANAGEMENT DIVISION OF THE DEPARTMENT OF ADMINISTRATIVE SERVICES, Defendants. | : : : : : : : : | FILED IN CHAMBERS THOMAS W. THRASH JR. U.S.D.C. Atlanta SEP 27 2007 JAMES N. HATTEN, Clerk By _____ Deputy Clerk |

### ORDER AND OPINION

Plaintiff originally filed this action in the Superior Court of Gwinnett County. (Docs 1-2). Defendants have removed the action to this Court, pursuant to 28 U.S.C. § 1441. (Doc. 1). The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity screening. See Mitchell v. Brown and Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002) (discussing with approval district court's frivolity screening of prisoner civil action which had been removed from state court).

AO 72A
(Rev.8/82)

I.      The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject

to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II.     Discussion

    A.     Plaintiff's Allegations

Plaintiff, who is currently confined at the Wayne State Prison in Odum, Georgia, alleges that he has been subject to deliberate indifference to his serious medical need in violation of the Eight Amendment as a result of prison officials failing to perform surgery to reduce his hernia. (Doc. 1, civil rights complaint form at 5). Plaintiff further alleges that Defendants have violated state law by failing to perform the surgery.

According to Plaintiff, he first noticed that he had a left inguinal hernia in January of 2001. (Doc. 1, attached addendum at 2). From March 7, 2001, to December 13, 2001, while confined at the Georgia State Prison in Reidsville, Georgia, Plaintiff allegedly filed six Health Service Requests in which he complained that the hernia was causing him pain and that the hernia was "trying to incarcerate." (Id. at 2-3). Plaintiff states that an incarcerated hernia is one which cannot be reduced without surgery. (Id. at 3, n.2). Plaintiff alleges that he was seen by prison health officials an unspecified number of times. (Id. at 2-3). Plaintiff alleges that the last time he was examined by Doctor Sobowale, a physician at the Georgia State Prisoner, Sobowale allegedly informed him that due to prison budgetary restrictions Plaintiff could not have surgery for his hernia unless it became incarcerated. (Id. at 3). On December 14, 2001, Plaintiff was allegedly taken to the Georgia State Prison's hospital floor and examined by Nurse Sanders. (Id.). Plaintiff alleges that he informed Sanders that the hernia was trying to incarcerate, was causing burning during urination, and was attempting to fall to his left testicle. (Id.). After examining the hernia, Sanders went to see Sobowale to consult with him. (Id. at 3-4). According to Plaintiff, Sobowale would not examine Plaintiff unless he was bleeding or dying. (Id. at 4). Plaintiff

4

alleges that Sobowale, not named as a Defendant, knew of Plaintiff's health condition, his continuing pain, and that surgery was the appropriate means of treating the hernia. (Id. at 4).

Plaintiff alleges that during "the early part of 2003, Plaintiff was taken to Augusta State Medical Prison." (Id.). The examining physician allegedly informed Plaintiff that he would recommend surgery. (Id.).

On July 17, 2003, after being returned to the Georgia State Prison, Plaintiff was taken to the prison's medical floor where Doctor Tommy Jones allegedly denied Plaintiff's request for a hernia operation because of budgetary constraints. (Id. at 4-5). Plaintiff apparently persisted with his request for hernia surgery. (Id. at 5). "On October 27, 2003, Defendant Raymond Head[1] denied Plaintiff relief." (Id.).

On February 4, 2004, Plaintiff was transferred to the Wayne State Prison in Odum, Georgia. (Doc. 1, addendum at 5). Plaintiff alleges that medical and

---

[1] Raymond Head is not listed as a defendant in this action. However, Plaintiff's addendum appears to be a photocopy, and Head may have been a defendant in one of two other civil actions Plaintiff filed in connection with being denied hernia surgery. (Doc. 3, answer at ¶ 8). Defendants state that these complaints were dismissed due to Plaintiff being denied leave to file the action in forma pauperis and failing to pay the filing fee. (Id.).

5

administrative officials at the Wayne State Prison were informed of his medical condition, but they refused his request for surgery. (Id.).

In 2006, Plaintiff was returned to the Georgia State Prison and examined by Doctor Riddick. (Id.). Doctor Riddick informed Plaintiff that his hernia "had become border-line incarcerated and had to be repaired by surgery." (Id.) (emphasis in original). On April 7, 2006, Plaintiff had surgery for the hernia at the Tattnall Memorial Hospital in Reidsville, Georgia. (Id.). Approximately one hour after surgery, Plaintiff was returned to the Wayne State Prison, and allegedly, he was required to wear waist chains and leg irons which he claims were painful. (Id.).

Plaintiff asserts that Defendant Georgia Department of Corrections is liable for the "negligent acts and omissions" of the various prison officials who failed to provide him surgery for his hernia. (Id. at 6-7). Department of Administrative Services, Risk Management Division, is named as a Defendant due to its alleged failure to grant Plaintiff relief pursuant to the Georgia Tort Claims Act. (Doc. 1, Exh. A).

Additionally, Plaintiff asserts that the actions of these prison officials violates O.C.G.A. § 42-5-2, which requires that prisoners be provided with the

basic necessities of life, and constitutes a tortious act against his person, pursuant to O.C.G.A. §§ 50-21-20, *et. seq.* (Georgia Tort Claims Act). Plaintiff also claims that prison officials violated the Georgia Constitution's prohibition against abuse of a prisoner. (Doc. 1, addendum at 8-9). Plaintiff seeks compensatory and punitive damages. (Doc. 1, addendum at 10).

B. <u>Analysis of Plaintiff's Claims</u>.

Plaintiff alleges that the failure of prison officials at the Georgia State Prison to provide him with hernia surgery constitutes deliberate indifference to his serious medical need. Deliberate indifference with regard to the serious medical needs of prisoners violates the constitutional prohibition against cruel and unusual punishment. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976); <u>Campbell v. Sikes</u>, 169 F.3d 1353 (11th Cir. 1999). If prison officials delay or deny access to medical care or intentionally interfere with prescribed treatment, the constitution is violated. <u>Estelle</u>, 429 U.S. at 104-5.

In order to establish deliberate indifference, a plaintiff must demonstrate that a "defendant actually knew of 'an excessive risk to inmate health or safety' and disregarded that risk." <u>Campbell</u>, 169 F.3d at 1364 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)). "It is obduracy and wantonness, not

7

inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause. . . ." Whitley v. Albers, 475 U.S. 312, 319 (1986). It is also well-established that claims of negligence or inattention by a medical practitioner do not rise to the level of an Eighth Amendment violation which is actionable under § 1983. Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) ("negligen[ce] in diagnosi[s] or treat[ment]" does not state a claim of deliberate indifference).

Additionally, a plaintiff must also demonstrate that a serious medical need exists. Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

Relevant to the instant action, a prisoner is not entitled to receive the medical treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). If the treatment given provides some measure of reasonable care, the fact that the prisoner might prefer a different treatment does not give rise to an Eighth

8

Amendment violation. See Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991).

To summarize Plaintiff's allegations, he was suffering from a hernia that could be treated with or without surgery until early in 2006. Once the hernia could only be treated with surgery, Plaintiff had that surgery. While Plaintiff may have wished to have the surgery sooner, he has not alleged facts which, if proven, show that he was denied any treatment, or grossly ineffective treatment for his hernia. Plaintiff's claim of deliberate indifference should, therefore, be dismissed. See Johnson v. Doughty, 433 F.3d 1001, 1014-15 (7th Cir. 2006) (decision of prison medical officials to use non-surgical means of treating hernia, even when cost is a factor in making treatment decision, does not constitute deliberate indifference).

In the alternative, even if Plaintiff could establish an Eighth Amendment violation, he has not alleged any facts showing that either Defendant injured him. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotations omitted). A supervisor is liable only when he or she

"personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Id. Beyond the undeveloped and conclusory allegation of budget restrictions, Plaintiff has not alleged facts indicating that the named Defendants acted in such a way as to be casually connected to Plaintiff being denied hernia surgery when he requested it. In fact, Plaintiff's only developed allegation related to the named Defendants merely claims that Defendant Administrative Services did not award him damages under the Georgia Tort Claims Act. Accordingly, Plaintiff has failed to establish a causal connection between the alleged failure of prison officials to provide hernia surgery and any action taken by Defendants, and this action may also be dismissed on this basis.

In summary, Plaintiff has not alleged facts which, if proven, would support a finding that the named Defendants violated his rights under federal law. Having so found, this Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3).

III.  Conclusion

**IT IS ORDERED** that Defendants' motion for a frivolity ruling [Doc. 5] is **GRANTED**. The instant civil rights action [Docs. 1-2] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. Plaintiff's motion for partial summary judgment [Doc. 4]; motion to remand to state court [Doc. 8]; and motion to reconsider this Court's order to stay Plaintiff's motion for partial summary judgment [Doc. 13] are **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 27 day of September, 2007.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

11

AO 72A
(Rev.8/82)